**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CAROL L. VAUGHN**                                                              **PLAINTIFF**

**V.**                         **CIVIL ACTION NO. 1:09-CV-247-SA-JAD**

**WOODFOREST BANK**                                        **DEFENDANT**

**MEMORANDUM OPINION**

In its previous opinion [42], this Court determined Plaintiff had failed to present any evidence that Defendant's reasons for her termination were pretextual, but allowed supplemental briefing on the issue of whether race was a motivating factor in the decision to terminate Plaintiff's employment under a "mixed-motives" theory of liability. Finding Plaintiff has failed to demonstrate a genuine issue of material fact, the Court grants Defendant's Motion for Summary Judgment [34].

**FACTUAL BACKGROUND**

A full recitation of the facts in this case may be found in the Court's prior opinion [42]. Briefly, Plaintiff – who is white – alleges her termination as the manager of the Starkville branch of Woodforest Bank, ostensibly for making remarks that "created a perception of racial discrimination," was racially motivated. The Court previously determined that although the Plaintiff had presented a prima facie case of discrimination, she failed to demonstrate that Defendant's reason for her termination were pretextual. Plaintiff was allowed to submit a supplemental brief in opposition to Defendant's motion for summary judgment, and directed to supply specific record evidence demonstrating that race was a motivating factor in her termination. Plaintiff points to the following ten items of evidence:

1

(1) Defendant gave preferential treatment to black persons, because it directed Plaintiff to offer a black applicant more money than a white applicant had been offered, solely because of the applicant's race.

(2) Plaintiff was charged with racism because she made race-neutral statements, which were supportive of President Bush and which expressed doubts about President Obama's religion. There was no indication that such statements would be objectionable if made by a black person.

(3) Plaintiff's supervisor, and the person who made the firing decision, Misty Gaskamp, made statements indicating fear of imposing discipline against a troublesome black employee, because of fear of a suit by the troublesome black employee.

(4) The assigned reason for Plaintiff's termination was "racism," yet none of the three incidents for which Plaintiff was terminated involved any statement or action which was racist. A jury could infer that had Plaintiff not been white, race-neutral statements would not be the basis of a charge of racism.

(5) One of the bases for the charge of racism against Plaintiff was that a white bank customer had made allegedly racist comments in Plaintiff's presence. It is unlikely that a black employee would be accused of racism, merely because a white person had made racist comments in the presence of the black employee.

(6) Defendant claims that Plaintiff acted improperly because she even mentioned race, and characterized mentioning race as being "extremely unprofessional." Yet, two black employees had made statements referencing race, for which no disciplinary action was taken.

(7) Linda Young testified that she had told Vaughn that certain statements Vaughn made were inappropriate "because you are a white woman." If Plaintiff's statements were inappropriate because she is a "white woman," a jury can infer that had she been black, the statements would not have been considered inappropriate.

(8) Plaintiff was fired despite her most recent employment evaluation, characterizing her as being a good employee and as being a "team player."

(9) Plaintiff was replaced by a black person, and after Plaintiff's termination, only one white person was employed at the Starkville branch.

(10) A black employee, Rhonda Williams, had attendance problems, was rude to a white co-worker, and had two charge backs (a termination offense), but was not discharged or even disciplined, because of Defendant's fear of a suit.

Each item will be discussed below.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

**ANALYSIS**

Under Title VII, it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff claims that Defendant discriminated against her because of her race. She may prove discrimination by direct or circumstantial evidence. Salinas, 314 F. App'x at 698; Nasti v. CIBA Specialty Chems., 492 F.3d 589, 593 (5th Cir. 2007).

Title VII discrimination cases built on circumstantial evidence are analyzed under the familiar McDonnell Douglas burden-shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under McDonnell Douglas, Plaintiff must first establish a prima facie case of discrimination by establishing that (1) she was a member of a protected group; (2) she was qualified for the position she held; (3) she suffered an adverse employment decision; and (4) she was either replaced by someone outside her protected group or treated less favorably than employees not in her protected group. Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 513 (5th Cir. 2001).

Once Plaintiff has made her prima facie case, Defendant has the burden of producing a legitimate, nondiscriminatory reason for the adverse employment action. Parker v. State of La. Dep't of Educ. Special Sch. Dist., 323 F. App'x 321, 327 (5th Cir. 2009). Defendant's burden at this stage is merely one of production – not persuasion. Id. If Defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, then the inference of discrimination created by Plaintiff's prima facie case disappears. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511-12, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

Plaintiff must rebut Defendant's legitimate, nondiscriminatory reason for an adverse employment action by proving that "(1) the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative), or (2) the defendant's reason, though true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative)." Davis v. Farmers Ins. Exch., 372 F. App'x 517, 519 (5th Cir. 2010).

If the plaintiff demonstrates that the protected characteristic was a motivating factor in the employment decision, the burden shifts back to the defendant to prove that the same adverse employment decision would have been made regardless of discriminatory animus. Taylor v. Peerless Indus. Inc., 322 F. App'x 355, 360-61 (5th Cir. 2009). In assessing whether a protected characteristic was a "motivating factor," a court must consider the evidence presented by the plaintiff as a whole. Machinchick v. PB Power, Inc., 398 F.3d 345, 355 (5th Cir. 2005). This Court previously determined that Plaintiff had presented a prima facie case of discrmination, but that Defendant's reasons for Plaintiff's termination were not pretextual. The Court will now address whether Plaintiff has carried her burden to show that her race was a motivating factor for termination.

As to Plaintiff's first item of evidence, there is nothing in the record, other than Plaintiff's speculation, that Defendant ordered Plaintiff to pay an African-American job applicant more money than a White applicant on account of race.

Item 3 is based off Plaintiff's recollection of a conversation she had with her supervisor, Misty Gaskamp, in regards to disciplining an African-American employee. According to Plaintiff, Gaskamp told her "we need to watch what we do with Rhonda because of what she is capable of doing, her being the type of person that she is" and "we need to watch our Ps and Qs with her, you know, and you know, do everything by the book." The Court fails to see how these statements create

5

an inference that Defendant possessed a discriminatory motive in terminating the Plaintiff.

Items 2, 4, and 5 have already been considered and rejected by this Court as evidence of a pretextual motive for the Plaintiff's termination. For the same reasons, the Court rejects Plaintiff's argument that this is evidence of the Plaintiff's race being a motivating factor in her termination. As this Court previously stated, "Plaintiff must present evidence that her race motivated Defendant's decision, and the fact that Defendant may have erroneously characterized her comments as racist is irrelevant to that issue."

Items 6 and 10 are a restatement of the differential treatment argument previously rejected by this Court because the comparators are not similarly situated to the Plaintiff. For the same reason, this Court rejects this as evidence of a discriminatory motive. Taylor, 322 F. App'x at 365-66 (5th Cir. 2009) ("To establish discriminatory motive through the different treatment of another employee, the employee's circumstances, including his misconduct, must have been 'nearly identical.'")

Regarding item 7, the Plaintiff attempts to impute Linda Young's statement that Plaintiff's remarks were inappropriate "because you are a white woman" to the Defendant as evidence that she was treated differently because of her race. The Court rejects this argument. "[F]or comments in the workplace to provide sufficient evidence of discrimination, they must be '1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 223 (5th Cir. 2001) (citations omitted). Young had no authority over the employment decision at issue, and thus, her comment is not probative as to whether Plaintiff's termination was motivated by racial animus.

Regarding item 8, the fact that the Plaintiff was terminated despite having earlier received a positive employment evaluation (prior to Defendant learning of Plaintiff's purported misconduct) does not create an inference that race was a motivating factor in the decision to terminate Plaintiff's employment.

Finally, that Plaintiff was replaced by an African American and the fact that the Starkville branch only had one other white employee – without more (which Plaintiff has failed to provide) – does not create an inference that race was a motivating factor in Plaintiff's termination. See Taylor, 322 F. App'x at 368 ("[Plaintiff's] statistical evidence simply does not shed any light on the role race may have played in [Employer's] employment practices").

Plaintiff's argument that this case is analogous to Sassaman v. Gamache, 566 F.3d 307 (2d Cir. 2009), is unpersuasive. In Sassaman, the Second Circuit determined that an employee forced to resign after he was accused of sexual harassment had presented a prima facie case of discrimination where the employer failed to investigate the claim and his supervisor told him "you probably did what she said because you're male and nobody would believe you anyway." Id. at 313-16. The present case lacks any such direct evidence of racial animus, and thus, Sassaman is distinguishable.

Considering the evidence presented by Plaintiff as a whole, the Court finds that Plaintiff has failed to provide any evidence that Plaintiff's race was a motivating factor in her termination.

## **CONCLUSION**

Defendant's Motion for Summary Judgment [34] is GRANTED, the Plaintiff's claims are dismissed, and this case is closed.

SO ORDERED, this the 21st day of January, 2011.

                                                **/s/ Sharion Aycock**
                                                **UNITED STATES DISTRICT JUDGE**